Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3921 | **DATE** | 8/24/2004 |
| **CASE TITLE** | Brown vs. GES Exposition Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, defendants' motion to dismiss [25-1] is granted in part and denied in part. Defendants shall answer the remaining portions of the Second Amended Complaint by 9/1/04, Status hearing is set for 9/27/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 6 2004 date docketed | 52 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | JXM docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | 8/24/2004 date mailed notice | |
| MD | courtroom deputy's initials | 2004 AUG 24 PM 3:10 Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

AUG 2 6 2004

CHARLES BROWN, BILLY ROCKETT, and )
ROBERT JONCEK, HERBERT WHITESIDE, )
CLEARCHIE CROOKS, LUTHER REED, )
JOHNNIE ROLLAND, and all others similarly )
situated, )
)
Plaintiffs, )
)
vs. ) No. 03 C 3921
) Judge Joan H. Lefkow
GES EXPOSITION SERVICES, INC., its )
subsidiary, affiliate and parent companies, )
INTERNATIONAL BROTHERHOOD OF )
TEAMSTERS, LOCAL 714, ROBERT )
HOGAN, WALTER FAREJ, JOHN )
GILMORE, T.J. MCGARVEY, )
)
Defendants. )
)

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Charles Brown, Billy Rockett, Robert Joncek, Herbert Whiteside, Clearchie

Crooks, Luther Reed, and Johnnie Rolland, filed this putative class action against defendants,

GES Exposition Services, Inc. ("GES"), the International Brotherhood of Teamsters, Local 714

("Union"), Robert Hogan ("Hogan"), Walter Farej ("Farej"), John Gilmore ("Gilmore") and T.J.

McGarvey ("McGarvey") (collectively "defendants"), alleging discrimination, retaliation and

harassment in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. §§ 2000e *et seq.*[1] Defendants' requested relief includes front and back pay,

---

[1] Count I is brought by all plaintiffs except Joncek against all defendants pursuant to 42 U.S.C. § 1981. Count II is a Title VII discrimination claim brought by Brown and Rockett against only GES. Count III is brought by Joncek against all defendants pursuant to § 1981. Count IV is a Title VII discrimination claim brought by Joncek against GES only. Count V is a Title VII retaliation claim brought by Joncek against GES and the Union.

compensatory damages and injunctive relief. Before the court is the defendants' motion to dismiss plaintiffs' Complaint.[2] Defendants first move to dismiss the Complaint in its entirety on grounds that the doctrine of laches is applicable and bars plaintiffs' claims. In the alternative, defendants move to dismiss the Title VII claims because (1) plaintiffs' claims contain allegations beyond the scope of the Equal Employment Opportunity Commission ("EEOC") charges that were filed and (2) plaintiffs failed to join the Union as a necessary and indispensable party. For the reasons set forth below, defendants' motion is granted in part and denied in part.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Sanville* v. *McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002).

## ALLEGATIONS OF THE COMPLAINT

According to plaintiffs' Second Amended Complaint, which is taken as true for purposes of this motion, Brown and Rockett, who are African-American, were initially hired by the

---

[2]The motion was filed by defendants GES and McGarvey. Defendants Union, Hogan, Faraj, and Gilmore have requested leave to join in the motion to dismiss. Such leave is granted and the motion to dismiss is considered as if filed by all defendants.

2

predecessor of GES in 1976 and 1981 respectively and were denied membership in the Union. Because they were not Union members, Brown and Rockett were deprived of wages, benefits, and insurance available to white Union members. After 1994, both Brown and Rockett were admitted to the Union, but their hire dates were changed to February 1994, and they lost the privileges of seniority, including reduced vacation time, less overtime, work assignments that required fewer hours and, therefore, lower pay and frequent layoffs. Brown alleges that in 1996 he asked the owner of United Exposition, the predecessor of GES, why he and other black employees were being denied benefits and compensation and was told that, at the direction of the Union, United made payments for the dues of all African-American employees to keep them out of the Union. In March 1998, both Brown and Rockett filed Charges of Discrimination against GES with the EEOC. Each received a right to sue letter in 2003.

Joncek, who is white, was hired in 1990 by Andrews Bartlett, which was purchased by GES in 1994. From 1990 to 1995, Joncek was denied Union membership and deprived of the benefits therefrom, including better wages, benefits and insurance. After inquiring why he and his black colleagues were being denied the same benefits and compensation as other white employees, Joncek was told by GES officials, including McGarvey, that he would not be given seniority because if he was, GES would have to give seniority to the black employees as well. Because of his loss of seniority, Joncek has been laid off on a regular basis, denied vacation time, insurance coverage, pension benefits and compensation. In August 2003, Joncek filed a Charge of Discrimination against GES and the Union with the EEOC. In November 2003, a right to sue letter was issued.

Plaintiffs Whiteside, Crooks, Reed, and Rolland did not file individual Charges of Discrimination with the EEOC. With respect to these plaintiffs, the alleged illegal behavior seems to have been initiated in 1994, when GES purchased the various predecessor companies at which the plaintiffs were employed. These plaintiffs allege that they were subject to a hostile work environment and discrimination based on race, including retaliation for complaining about the unlawful conduct. Specifically, these plaintiffs allege they were denied promotions, compensation, overtime work, vacation, pension and insurance benefits and membership in the Union, which resulted in lower pay and frequent layoffs.

## DISCUSSION

### A. Laches

Defendants first move for dismissal of the Complaint in its entirety based on the doctrine of laches. Laches is an affirmative defense. *See Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 182 n.5 (7th Cir. 1994). It may be applicable when (1) a plaintiff has unreasonably and inexcusably delayed his claim and (2) the defendant would suffer material prejudice in allowing the claim to proceed. *Jeffries v. Chicago Transit Auth.*, 770 F.2d 676, 679 (7th Cir. 1985). The Seventh Circuit has noted that laches is generally a question of fact ill-suited for resolution on a motion for summary judgment, much less a motion to dismiss. *Id.* at 679 ("Laches is generally a factual question not subject to summary judgment."). Defendants argue that laches may be used to dismiss plaintiffs' Complaint in this case because plaintiffs have pled themselves out of court and the facts supporting the affirmative defense are apparent from the face of plaintiffs' Complaint. *See, e.g., Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court–that is, admits all the ingredients of an

4

impenetrable defense–may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6).").

While perhaps defendants could make out part (1) of the above laches test based only on plaintiffs' allegations in their Complaint, the court declines to consider such argument because, clearly, part (2) of the above test cannot be satisfied by reference only to the Complaint. Defendants state that they have been prejudiced by plaintiffs' alleged inexcusable delay because they may be exposed to a disproportionately higher amount of back pay, records have been lost or destroyed and witnesses with knowledge of the events have passed away, changed jobs, retired, or their memories have faded. Plaintiffs' Complaint does not address any of these issues. Defendants may be able to establish laches at trial or on a motion for summary judgment, but plaintiffs' Complaint on its face does not establish that this affirmative defense is applicable at this stage of the case. Accordingly, defendants' motion on this ground is denied.

**B.   EEOC Charges**

Defendants next move to dismiss portions of the Title VII claims on grounds that plaintiffs' Complaint contains allegations not included in the charges filed with the EEOC. Defendants' motion in this regard takes two parts. First, they allege that, with the exception of the allegations related to seniority, plaintiffs' Title VII allegations are outside the scope of their respective EEOC charges. Second, defendants maintain that the class-wide allegations of race discrimination should be dismissed because the plaintiffs' EEOC charges contain no class-wide allegations.

Generally, to bring a claim under Title VII in federal court a plaintiff must have first included that claim in an EEOC charge. *E.g., McKenzie v. Illinois DOT*, 92 F.3d 473, 481 (7th

5

Cir. 1996). A court may consider a claim brought in a complaint but not raised in an EEOC charge if both "(1) the claim is like or reasonably related to the EEOC charges, and (2) the claim in the complaint could reasonably develop from the EEOC investigation into the original charges." *Harper* v. *Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995).

In the EEOC charges filed by Brown and Rockett, they alleged a denial of seniority in 1995 and, based on such denial, increases in being laid-off and reduction in vacation time, overtime and work assignments. Similarly, plaintiff Joncek alleges he was denied seniority, benefits, wages and membership in the Union in 1990. Plaintiffs' Complaint contains further allegations, including (1) that they were denied/prevented from applying for promotions; (2) that they were denied transfers and assignments; (3) that they were subject to a hostile work environment based on race; and (4) that they were discriminated against with respect to training, advancement and disciplinary action.

Regarding the denial/prevention of promotions, transfers and assignments, the court believes that these claims bear a like or reasonable relation to the claims in plaintiffs' EEOC charges that they were denied seniority. Seniority is very likely an overriding factor in obtaining promotions, transfers or assignments and, without seniority, it is presumable that plaintiffs would not receive these desired job changes. Moreover, the court is convinced that the claims regarding these alleged denials of promotions, transfers and assignments could have reasonably developed from an EEOC investigation into the original charges concerning seniority.

As for the claims that plaintiffs were subjected to a hostile work environment and were discriminated against with respect to training, however, these claims are not reasonably related to the denial of seniority. *See, e.g., Oates* v. *Discovery Zone*, 116 F.3d 1161, 1168 (7th Cir. 1997)

6

(harassment claim in complaint failed because EEOC charge contained only claims of discriminatory termination, retaliation and intentional infliction of emotional distress); *Kirk* v. *Federal Prop. Mgmt. Co.*, 22 F.3d 135, 139 (7th Cir. 1994) (failure to train claim was not reasonably related to failure to promote claim contained in EEOC charge); *Weiss* v. *Coca-Cola Bottling Co.*, 990 F.2d 333, 338 (7th Cir. 1993) (claim of discrimination with respect to job transfers failed because EEOC charges contained allegations of discriminatory training and discharge and sexual harassment); *Karella* v. *Ameritech Info. Sys. Inc.*, 953 F. Supp. 945, 950 (N.D. Ill. 1996) (no reasonable relation between claim of disability harassment and disability discrimination). Accordingly, because the hostile work environment and failure to train claims contained in Plaintiffs' Complaint are outside the scope of their EEOC charges, such claims are dismissed.

Defendants' next argument is that plaintiffs' class-wide allegations of discrimination must be dismissed because plaintiffs alleged only individual instances of discrimination in their EEOC charges. Defendants rely on *Schnellbaecher* v. *Baskin Clothing Co.*, 887 F.2d 124, 127-28 (7th Cir. 1989), where the Seventh Circuit upheld dismissal of the plaintiffs' class-wide allegations because the plaintiffs only alleged individual discrimination in their EEOC charges. Plaintiffs respond by pointing to *EEOC* v. *Dial Corp.*, 156 F. Supp. 2d 926, 935 (N.D. Ill. 2001), where the court allowed the EEOC to bring a claim alleging that the defendant had engaged in a pattern or practice of tolerating sexual harassment based initially on only a single charge of harassment filed by one employee. *Id.* at 937. Plaintiffs do not address the rather obvious distinguishing factor of the *Dial Corp.* case, namely that it was brought by the EEOC and not by individuals. Indeed, the court in *Dial Corp.* distinguished *Schnellbaecher* on grounds that it

7

involved a scenario where a private plaintiff was attempting to expand an individual charge into a class action. *Id.* at 935. Since this is not an action filed by the EEOC, *Dial Corp.* is unhelpful. Instead, *Schnellbaecher*, which is binding precedent, is applicable, and since defendants did not receive notice of the class-wide allegations by plaintiff during the EEOC review, the class-wide allegations with respect to the Title VII claims must be stricken.

## C.     Necessary and Indispensable Party

Defendants next argue that all the Title VII claims should be dismissed because the Union is a necessary party that cannot be joined. The Title VII claims are Counts II, IV and V. With the exception of Count V, these claims are not brought against and do not include the Union.[3]

Under Federal Rule of Civil Procedure 12(b)(7), a claim may be dismissed for "failure to join a party under Rule 19." The court's first task in a Rule 19 analysis is to determine whether the Union is a necessary party. *See United States ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 478 (7th Cir. 1996). If the Union is in fact a necessary party, and if it cannot be joined in this action, then the court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b). To "help the court navigate the path of equity and good conscience," *id.* at 479, Rule 19(b) lists the following four factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in

---

[3]Count V is a claim for retaliation against both GES and the Union. The plaintiffs allege that they have filed a charge of discrimination against both GES and the Union with regard to the retaliation allegations. (Sec. Am. Compl. ¶ 114.)

the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Defendants argue that the Union is a necessary party because complete relief cannot be afforded among the parties in its absence and because GES might be subject to multiple or inconsistent obligations if the Union is not joined. *See* Fed. R. Civ. P. 19(b)(a)(1) & (2)(ii). Defendants note that Brown and Rockett, who are currently members of the Union, are subject to the collective bargaining agreement ("CBA") between GES and the Union. Because, defendants argue, the seniority system that forms the basis of plaintiffs' claims is governed by the CBA, the Union must be joined in the Title VII claims. Defendants argue that the relief requested by plaintiffs, if granted, will affect the rights of the Union under the CBA. Moreover, defendants state that any relief granted under Title VII will not be binding on the Union and may result in conflicting obligations for GES.

As for the Union's ability to be joined in this action, defendants argue that the Union cannot be joined because Rockett and Brown failed to name the Union in their respective EEOC charges. According to defendants, the Union cannot now be joined because plaintiffs failed to exhaust their administrative remedies under Title VII with regard to the Union. Finally, regarding the issue of indispensability, defendants argue that the Union is indispensable to this suit insofar as relief could not be framed without the Union, any judgment granting plaintiffs' proposed injunctive relief would require the Union to implement certain changes, and any judgment without the presence of the Union would be inadequate because the issue could not be conclusively litigated.

In support of their argument, defendants point to *Waters* v. *Wisconsin Steel Works of Int'l Harvester Co.,* 301 F. Supp. 663 (N.D. Ill 1969), *rev'd in part*, 427 F.2d 476 (7th Cir. 1970). In *Waters*, the plaintiffs alleged that the defendants (an employer defendant and a union defendant) engaged in a racially discriminatory seniority system in violation of both Title VII and § 1981. *Id.* at 665. The union defendant moved to dismiss the complaint because it was not named in the underlying charge before the EEOC. *Id.* at 666. The court noted that the plaintiffs sought injunctive relief including, among other things, prohibiting enforcement of existing seniority provisions in the collective bargaining agreement. *Id.* Under such factual circumstances the court explained that the union defendant could be adversely affected and was required to be before the court. *Id.* Moreover, the court held that since the union defendant was never named in the EEOC charge, the claims against the union defendant had to be dismissed. *Id.* at 667. Since the union defendant was a necessary and indispensable party "needed for just adjudication," the court also dismissed the claim against the employer defendant. *Id*; *see also, Hardy* v. *Bucyrus-Erie Co.*, 398 F. Supp. 64 (E.D. Wis. 1975) (noting that union was a necessary and indispensable party to a Title VII suit where plaintiff sought injunctive relief to revamp existing programs and practices contracted by the union and the union could not be joined because no charge of discrimination was ever filed).

On appeal in *Waters*, the Seventh Circuit reversed on other grounds and, in regard to the argument that the union was a necessary and indispensable party to the Title VII claims, noted that "[s]ince the relief available to the plaintiffs under section 1981 is potentially as broad as that available in their action against [the employer defendant] under Title VII, . . . we need not consider the district court's ruling concerning the applicability of Rule 19, Fed.R.Civ. P."

427 F.2d at 488-89; *but see* 427 F.2d at 491 (Fairchild, J. concurring) ("In my opinion, Rule 19(b) F.R.C.P. does not authorize dismissal of an otherwise proper Title VII action against an employer on account of the absence of the union and other employees.").

The court agrees with defendants that the Union is a necessary party to the Title VII claims insofar as the seniority system, which forms the basis for plaintiffs' claims, is governed by the CBA. Relief granted under the Title VII claims will affect the rights of the Union under the CBA and, because the relief granted under the Title VII claims will not be binding on the Union, there is the possibility of conflicting obligations to GES. *See Hardy*, 398 F. Supp. at 67 ("The injunctive relief sought by plaintiff . . . would certainly affect the interest of the union and would create a situation in which the defendant company's obligations under the collective bargaining agreement with the union might be substantially inconsistent with the obligations imposed upon it by the Court as a result of this lawsuit.").

However, the court is not convinced that the Union is unable to be joined in this action. In *EEOC v. Rockwell Int'l Corp.*, 23 F. Supp. 2d 892 (N.D. Ill. 1998), Judge Gettlemen addressed a similar issue and allowed a defendant union to be joined even though that union was not named in the underlying EEOC charge. As Judge Gettlemen noted,

> plaintiff has not charged the Unions with substantive liability under the ADA, but has named them only as parties need[ed] to effect complete relief pursuant to Rule 19(a). The purpose of the EEOC charging requirement is to notify the charged party of the violation and to bring the party before the EEOC to effectuate the Act's primary goal of securing voluntary compliance with the law. Because the Unions are not charged with violating the law, neither of these purposes would be advanced by requiring a claimant to name a relief defendant in the initial charge. *See EEOC v. MacMillan Bloedel Containers*, 503 F.2d 1086, 1095-96 (6th Cir. 1974). The proper course is to add the Unions under Rule 19(a). *Id.*

23 F. Supp. 2d at 894.

A similar approach can be employed in this case. With the exception of Count V (for which a charge of discrimination was filed against the Union), the Title VII claims (Counts II and IV) do not seek substantive liability against the Union. Thus, the Union would be joined in those Counts not because of any of its actions but, instead, because it is needed to effectuate complete relief among the parties. Since the Union is not charged with violating Title VII in these Counts, the *Rockwell* case is persuasive that the purpose for requiring a claimant to name a defendant in a charge is not advanced. Furthermore, this court does not believe that this case is different because plaintiffs have alleged that the Union has acted in violation of § 1981 in other portions of the Complaint. The fact remains that the Union is not named as a defendant in the Count II and IV Title VII claims and, if added to those claims, would be only so as to ensure that full relief could be afforded to the existing parties and not because of any substantive liability. Accordingly, the Union is added to Counts II and IV as a party needed to effectuate complete relief. Defendants' motion to dismiss for failure to join an indispensable party is denied.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted in part and denied in part [#25]. Defendants shall answer the remaining portions of the Second Amended Complaint by September 1, 2004. This case will be called for status on September 27, 2004 at 9:30 a.m.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: August 24, 2004

12